## LUCAS CO FARMERS INS & AID ASSN v HALLETT

Ohio Appeals, 6th Dist, Lucas Co

No 2984. Decided Dec 10, 1934

Ed. P. Buckenmyer, Toledo, for plaintiff in error.

Otto H. Spengler, Toledo, and S. M. Douglas, Toledo, for defendant in error.

KLINGER, J, (3rd Dist), sitting in place of RICHARDS, J.

## OPINION

By LLOYD, J.

The foregoing is the pertinent evidence, more or less repeated, on the question of the sufficiency of the notice, non-compliance with which the company contends avoids the payment of the stipulated insurance on the burned dwelling house. At the time of the reecipt of the notice, insured had but one policy of insurance with the company, the one in question. The notice stated that the total assessment for the year ending November 5, 1932, was 5 mills on the dollar, which was exactly the amount of the assessment due on the policy to November 1, 1932. It designated "the Agent" to whom the payment was to be made as "Michael C. Will, R. F. D. No. 22, Swanton, O." The insured property was located in Swanton Township and there is no dispute as to the assessment being correct in amount. There is no evidence that the insured had or had ever had any other $1,000 policy of the company on any property owned by her. At the end of the notice was printed "James D. Coy, Secretary", who admittedly was the secretary of the company, and §9 of the By-Laws provides that notice of assessments due from members of the company should be given to them by the secretary. If therefore, insured had been accustomed to pay the assessments to Brick, this notice clearly stated that this particular assessment was to be paid to Will. There is nothing in the policy, nor is there any evidence, that Brick had any authority to speak for the company as to whether assessments were or were not due and unpaid. That was the company's business, acting through its secretary. The only additional information which might have been included in the notice was a specific reference to the insured property, but in our opinion there is no substantial evidence tending to show that the insured was in any way misled by this omission but, on the contrary, the undisputed fact, as we see it, is that, as stated by her son Lawrence "it was not due at the time it was gotten and of course was placed away with later papers", and, we may add,

forgotten until after the occurrence of the fire.

By the terms of the policy, the insured was a delinquent member for "more than forty days" at the time of the fire, and the insurance at that time was void. No waiver is involved because of the later payment of the assessment for the reason that the payment thereof served merely to renew the insurance from that date, and had no retroactive effect.

Because the Court of Common Pleas erred in denying the motion of the insurance company for a directed verdict in its favor, the judgment of that court is reversed and a final judgment entered in favor of the company.

Reversed and final judgment.

OVERMYER and KLINGER, JJ, concur.